[The Reporter having been favored by his friend Richard S Coxe, Esq., with a number of valuable cases, decided in the time of Chief Justice Kinsey, has thought that he should be rendering a service to the public, by publishing the most important of them. With this view, he has inserted the following in this volume, and should the design meet with approbation, he will continue to publish in the subsequent volumes of these reports, such other of the cases furnished him by that gentleman, as shall be deemed most important; and by so doing, he will be enabled to supply in a great measure, the chasm which intervenes between the valuable reports of Mr. Coxe, and those of his honor Judge Pennington, and thereby complete the series of decisions of the Supreme Court, down to the present time].

---

### THE STATE *against* HUNT.

#### ON CERTIORARI.

Where the Sessions have made a return to a *certiorari* which was adjudged incomplete, and another return made, the court will not refer to the first in order to settle any ambiguity in the second; but a rule may be taken upon the Sessions to amend their second return.

---

The Sessions had made a former return to this writ, which the court had held incomplete, and ordered another,

which was accordingly made. Upon this second return, the indictment against the defendant, a plea of guilty, and the judgment of the court below assessing a fine upon him, were brought up ; but it did not certainly appear whether the confession had been made, and the fine imposed before or after the *certiorari* was served on the justices of the Sessions.

The *Attorney General* and *Leake*, had moved the court to quash the plea of the defendant below, and the judgment of the Sessions assessing the fine, on the ground that the *certiorari* was presented to the court below, before the confession was recorded.

They argued that the authority of the Sessions, to proceed in the case, was superseded by the *certiorari* from the Supreme Court, and that everything subsequently done was void. *Fitz William's case, Cro. El.* 915; 1 *Bac. Abr.* 570–1; 2 *Hawk.* 418, *c.* 27, *sec.* 64 ; 12 *Mod.* 384 ; 2 *Com. Dig.* 196, " *Certiorari,*" *letter E. ; Crosse v. Smith,* 12 *Mod* 643.

*R. Stockton,* for the defendant, admitted there was no question as to the law, the cases cited were not disputed ; but he contended that it did not appear from the return, at what time the *certiorari* was presented. There was nothing before the court, from which they could presume that the *certiorari* was delivered before the plea or judgment, and he therefore prayed that a *procedendo* might issue upon the authority of the case of *Rex* v. *Gwynne,* 2 *Burr.* 749.

The *Attorney-General* admitted, that upon this second return it did not appear at what stage of the proceedings the indictment was removed by the *certiorari.* He offered, in order to supply this defect in the return, to read the return which had been first filed to the *certiorari,* from which it was apparent that it was presented before the confession.

This was objected to on behalf of the defendant, and it was urged that the first return being adjudged incomplete,

became an absolute nullity; that another return had been actually made by the Sessions, which was now before the court, and which alone could be resorted to for the facts.

THE COURT were of this opinion, and refused to hear the first return read, considering it as a nullity.

The *Attorney-General* then applied for permission to enter a rule upon the Sessions, requiring them to amend their return in this particular, by certifying the time when, &c., which was opposed by *Stockton*, on the ground that it was too late, this return having been filed so long ago as September term last.

*Per Curiam.* If any fact of importance in the case appears doubtful on the return, the *Attorney-General* ought to have leave to suggest it on the record, and to have the ambiguity removed.

Rule granted.